UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES HENRY MAYES,

    Petitioner,

v.

FEDERAL BUREAU OF PRISONS,
FEDERAL PRISON CAMP, DULUTH
MEDICAL DIRECTOR PRISON WARDEN
DULUTH FEDERAL PRISON CAMP
WARDEN CARAWAY,

    Respondents.

Civil No. 05-1584 (PAM/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

Petitioner is an inmate at the Federal Prison Camp in Duluth, Minnesota. He is serving a 57-month prison sentence that was imposed on June 7, 2002, after he pleaded

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

guilty to a federal criminal offense, (the nature of which is not disclosed in petitioner's submissions). (Petition, [Docket No. 1], p. 2, ¶s 1-5.)

Petitioner is not presently challenging the validity of his conviction or sentence. Instead, he is claiming that the federal Bureau of Prisons, ("BOP"), has erroneously failed to give him credit toward his sentence for a certain period of time that he spent in "home confinement" before he was sentenced and went to prison. He is seeking a court order that would direct the BOP to give him credit for 5.7 months that he spent in home confinement, and expedite his release date accordingly. For the reasons discussed below, the Court finds that petitioner's claims must be rejected, and his habeas corpus petition must be dismissed.

## II.   DISCUSSION

Congress has directed the BOP to give federal prisoners credit toward their sentences for time spent in "official detention" before sentencing. The apposite statute, 18 U.S.C. § 3585(b), provides that –

> "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in <u>official detention</u> prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence." (Emphasis added.)

Petitioner claims that prior to his sentencing, he was subject to a "home confinement" order that should be viewed as "official detention" for purposes of § 3585(b). In his own words, petitioner "seeks credit pursuant to § 3585(b) for the time he was officially

detained on home confinement before sentence." (Supplement to Petition, [Docket No. 1], p. 3.)

Petitioner relies on Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004), to support his current sentence credit claim. In Elwood, the Court held that a Community Corrections Center, (also known as a "CCC" or "half-way house"), is considered to be a "place of imprisonment" for purposes of 18 U.S.C. § 3624(c), (which pertains to transitional prisoner housing assignments during the last six months of their terms). Petitioner contends that the time he spent in home confinement is legally indistinguishable from time spent in a CCC, and thus, according to Elwood, he was in a "place of imprisonment" while he was under home confinement. Taking this argument one step further, petitioner contends that because his home confinement is (supposedly) a "place of imprisonment," it must also be treated as "official detention" for purposes of § 3585(b).

However, even if home confinement were the same as CCC confinement, (which is a very dubious proposition), petitioner's sentence credit claim would still fail, because CCC confinement is not considered to be "official detention" for purposes of § 3585(b). In Reno v. Koray, 515 U.S. 50 (1995), the Supreme Court expressly held that federal prisoners are not entitled to sentence credit for time spent in a CCC before sentencing. If pre-sentence home confinement time is treated the same as pre-sentence CCC time, as petitioner contends it should be, then, pursuant to Koray, federal prisoners are not to be given sentence credit for any pre-sentence time spent in home confinement.

The Court of Appeals' decision in Elwood obviously does not (and could not) overrule or invalidate the Supreme Court's holding in Koray. Thus, the holding of Elwood, i.e., that a CCC is a "place of imprisonment" for purposes of § 3624(c), does not affect the

holding of Koray, i.e., that pre-sentence confinement at a CCC is not "official detention" for purposes of § 3585(b).

In short, Koray, not Elwood, controls the outcome of petitioner's claim for additional sentence credit. And Koray clearly shows that petitioner is not entitled to any credit toward his sentence for time spent in home confinement before his sentencing. See also United States v. Wickman, 955 F.2d 592, 593 (8th Cir. 1992) (per curiam) (en banc) ("the house arrest restrictions that were placed upon [the defendant] as conditions of his pre-trial release did not constitute 'official detention' within the meaning of § 3585(b)"); Starchild v. Federal Bureau of Prisons, 973 F.2d 610, 611 (8th Cir. 1992) (defendant was "not entitled to credit for time spent under house arrest, however restrictive the conditions"). In sum, even if petitioner's pre-sentence home confinement was as restrictive as CCC confinement, Koray precludes his request to have that time treated as "official detention" and credited toward his sentence.

### III.   CONCLUSION

For the reasons discussed above, the Court concludes that petitioner is not entitled to any credit toward his sentence for the time he spent in home confinement before his sentencing. The Court will therefore recommend that petitioner's application for a writ of habeas corpus be summarily denied, and that this action be dismissed with prejudice.

Lastly, the Court notes that petitioner's habeas corpus petition was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). However, petitioner has now paid the full $5.00 filing fee for this action, and he has shown that he has any further need for IFP status at this time. Thus, the Court will further recommend that petitioner's IFP application be denied as moot.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, (Docket No. 1), be DENIED;

2. Petitioner's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, (Docket No. 2), be DENIED AS MOOT; and

3. This action be summarily DISMISSED WITH PREJUDICE.

Dated:     August 5, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 23, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.